UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

**DELPHINE SIDIBE,**
**SEYDOU BAGAYOKO**

                              Plaintiffs

v.                                                                                                                                                    Civ. No.

**ANTONY J. BLINKEN**, Secretary of State of the
United States
**RENA BITTER**, Assistant Secretary for
Consular Affairs
**JULIE STUFFT**, Deputy Assistant
Secretary for Visa Services
U.S. Department of State
**SOPHIA O'DONNELL**, Consulate General
U.S. Embassy – Dakar, Senegal
**JOHN DOE,** Consular Section Chief IV Unit
U.S. Embassy – Dakar, Senegal

                              Defendants
---------------------------------------------------------------X

The Plaintiffs, Delphine Sidibe and Seydou Bagayoko, by and through the undersigned counsel, complain of the Defendants, Antony J. Blinken, Secretary of State of the United States, Rena Bitter, Assistant Secretary for Consular Affairs, U.S. Department of State; Julie Stufft, Deputy Assistant Secretary for Visa Services, U.S. Department of State; Sophia O'Donnell, Consul General, U.S. Embassy –Dakar, Senegal, and John Doe, Consular Section Chief, IV Unit, U.S. Embassy – Dakar, Senegal, as follows:

## PRELIMANARY STATEMENT

1.      This is an action to compel the Defendants and those acting under them to immediately issue a decision on the Immigrant Visa application (Case # DKR2018862001) of the Plaintiff

Seydou Bagayoko, which has been pending at the U.S. Embassy – Dakar, Senegal ("the Consulate") since on or before October 5, 2021.  The Immigrant Visa application is based on an approved Petition for Alien Relative (Form I-130) filed on March 23, 2018 by his U.S. citizen spouse, Plaintiff Delphine Sidibe and approved on October 30, 2018.  Seydou Bagayoko appeared for an Immigrant Visa interview on October 5, 2021. At that time, he was requested to submit Security Check Form DS-5535. The form was returned to the consulate via email on or about October 12, 2021 and acknowledged as received on October 26, 2021.  Despite numerous inquiries by the plaintiffs, over the last year and a half since he was interviewed, the Consulate has thus far failed to respond to any inquiries and has refused to issue a decision on his immigrant visa application.  The plaintiffs seek declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, in conjunction with 28 U.S.C. §1331; the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b); and the Immigration & Nationality Act ("INA"), codified in Title 8 of the U.S.C., and regulations implementing it (Title 8 and parts of Title 22 of the Code of Federal Regulations).

3.     Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." And under 28 U.S.C. § 1331, they "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4.     The APA requires the Department of State to carry out its duties within a reasonable time. *See* 5 U.S.C § 555(b) ("[w]ith due regard for the convenience and necessity of the parties

or their representatives, and within a reasonable time, each agency shall proceed to conclude a matter presented to it."). The visa petition at issue herein was properly presented to the Department of State pursuant to the INA and regulations thereunder. *See* 8 U.S.C. § 1154(b), 22 C.F.R. § 42.81; *see generally* 22 C.F.R. § 42.1 et seq.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Plaintiff Mrs. Sidibe resides at 2238 Morris Avenue, Bronx, NY 10453.

## PARTIES

6. Plaintiff, Ms. Sidibe, a resident of the Bronx County, New York, is the Petitioner in the visa petition for her husband, Plaintiff Bagayoko, and she contends that the delays, more than 18 months since the visa interview, is unreasonable and that she is injured by the Department of States' failure to act.

7. Plaintiff, Mr. Seydou Bagayoko, is the beneficiary of the visa petition and is a citizen and native of Mali and is also injured by the Department of State's failure to act.

8. Defendant, Anthony J. Blinken, Secretary of State of the United States, is responsible for the actions of the administrative entities within the Department of State, including the entities named herein responsible for the adjudication and issuance of Plaintiff's immigrant visa application.

9. Defendant, Rena Bitter is the Assistant Secretary for Consular Affairs at the U.S. Department of State who is charged with oversight of all consular affairs, including immigrant visa matters.

10. Defendant Julie Stufft is Deputy Assistant Secretary for Visa Services at the U.S. Department of State who is charged with all matters relating to visa adjudication by the Department of State and its entities.

11. Defendant Sophia O'Donnell is the Consul General of the U.S. Consulate at Dakar, Senegal. Pursuant to 22 C.F.R. § 42.81, a consular office is obligated to act on a visa application, including the visa application at issue in this Complaint.

12. Defendant John Doe is Chief of the IV United Consular section, which is obligated to act on a visa application, including the visa application at issue in this Complaint.

## APPLICABLE LAW

13. For a writ of mandamus to be properly issued, "three elements must co-exist: (l) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Loveila v. Froehlke,* 468 F.2d 340, 343 (2d. Cir. 1972).

14. A writ of mandamus must compel the performance of a "clear nondiscretionary duty." *Pittson Coal Group v. Sebben*, 488 U.S. 105, 121 (1988).

15. A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, '[w]hen a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer shall either issue or refuse the visa." *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997); *see also* sections 101(a)(9), (16), 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA), 8 USC §§1101(a)(9), (16), 1201(b)(2)(A)(i).

16. In general, a consular officer's decision to grant or deny a visa petition is not subject to judicial review; this is known as the "doctrine of consular nonreviewability." *See e.g., Saavedra Bruno*, 197 F.3d 1153, 1164 (D.C. Cir. 1999) ("The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review[.]"); *Am. Sociological Ass'n v. Chertoff*, 588 F. Supp. 2d 166, 171 (D. Mass. 2008). However, where a plaintiff challenges the

authority of consular officers to either take or fail to take an action, "as opposed to a decision taken within the consul's discretion, jurisdiction exists." *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997).

## STATEMENT OF FACTS

17. Plaintiff Delphine Sidibe is a U.S. Citizen residing in the Bronx, NY. She is the wife of Mr. Seydou Bagayoko. The couple were married on September 14, 2009 in the United States. Together, they have two United States born children, ages 13 and 10. Ms. Sidibe works as a Home Health Aide for two different companies, raising their children as a single parent.

18. Mr. Seydou Bagayoko entered the United States in 2002 on a P-3 visa which he subsequently overstayed. He left the United States in October 2011. Prior to his departure, he was living with his wife and children in the Bronx.

19. Mrs. Sidibe filed Form I-130, Petition for Alien Relative, on behalf of her husband, for the first time in approximately 2014. The petition was approved and he was interviewed at the U.S. consulate in Senegal on December 8, 2015. As a result of overstaying his P-3 visa, he was found inadmissible pursuant to INA § 212(a)(9)(B)(ii), as he had triggered a ten-year bar upon his departure. A waiver of inadmissibility was denied on October 24, 2016 and ultimately the I-130 petition was terminated.

20. On March 23, 2018, Plaintiff Mrs. Sidibe filed a new I-130 petition which was again approved on October 30, 2018. See Exhibit 'A,' I-130 Approval Notice. The approval notice was forwarded to the National Visa Center (NVC) of the Department of State, and on July 31, 2020 Mr. Bagayoko filed an application for an immigrant visa, Form DS-260 with the NVC, along with all required supporting documentation. See Exhibit 'B' Visa Appointment Confirmation (Case #: DKR2018862001). The case was then sent by NVC to the United States Embassy in

Senegal. A new waiver of inadmissibility was filed on August 2, 2019 and approved on February 28, 2020, based on a showing that Ms. Sidibe would suffer extreme hardship if her husband was not allowed to return to the US to be with her. *See* Exhibit C, I-601 Approval Notice. The waiver established this his wife, Ms. Sidibe would suffer an extreme hardship if her husband was not permitted to return to the United States and that Mr. Bagayoko merited the waiver in discretion.

21. Plaintiffs complied with the requirements of the United States Department of State (*see* 8 C.F.R. § 204.2(g)(3), 8 C.F.R. § 212.2(d)); and thereafter, Plaintiffs did supply all necessary documents and are in full compliance with the visa requirements.

22. Mr. Bagayoko was interviewed at the United States Embassy in Senegal, on October 5, 2021. After the interview, Mr. Bagayoko was required to submit a DS-5535 for security checks, which he did on October 12, 2021.

23. On October 26, 2021 the consulate acknowledged receipt of the DS-5535 and that they would notify Plaintiffs' attorneys when administrative processing, presumably due to security clearances, of the visa application was complete.

25. Mr. Bagayoko's visa application has remained pending in administrative processing since that time, without explanation.

26. Plaintiff has attempted numerous times to inquire with the U.S. consulate in Senegal about the status of the application, but without response, other than an auto-response stating that the Consulate does not monitor its email inbox and will therefore not respond.

27. As a result of the delay, Plaintiffs have been suffering tremendously due to their prolonged separation, a fact already acknowledged by the approval of the I-601 waiver.

## AS AND FOR A FIRST CAUSE OF ACTION

28. Plaintiff filed his immigrant visa application with NVC on July 31, 2020, and appeared for an interview and submitted the required security clearance form in October 2021. Since then, Defendants have taken no steps toward adjudicating his application, have not provided any explanation for their failure to do so, and do not intend to adjudicate it absent court intervention.

29. The plaintiffs have exhausted any and all administrative remedies that may exist. There are no other adequate remedies available to them other than for this Court to compel the Defendants to adjudicate Mr. Bagayoko's visa, without delay, and to issue a final decision in this matter.

30  This delay is unreasonable.

31. In response to delays in agency adjudications of immigration applications, Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, Pub.L. 106-313, Title II, § 202, Oct. 17, 2000, 114 Stat. 126, codified at 8 U.S.C.A. § 1571. This statute provides that "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application", *id.* § 1571(b). An application for an immigrant visa is an application for an immigration benefit.

31. The Administrative Procedures Act (APA), at 5 U.S.C. § 555(b), states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it."

32. 5 U.S.C. § 706(1), authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed".

33. Defendant's failure to adjudicate Plaintiffs' immigrant visa application within a reasonable period thus violates the INA at 8 U.S.C. §1571(b) and the APA at 5 U.S.C. § 555(b).

## AS AND FOR A SECOND CAUSE OF ACTION

34. 28 U.S.C. § 1361 provides that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

35. Defendants are under a non-discretionary duty to adjudicate Plaintiff's application for an immigrant visa and to do so in a reasonable period of time.

36. Defendants have failed to do so.

37. Plaintiffs are prejudiced by this delay.

## PRAYER FOR RELIEF

WHEREFORE, and in light of the foregoing, Plaintiffs Ms. Sidibe and Mr. Bagayoko pray:

a. That the Court assume jurisdiction herein;

b. That the Court compel the Defendants and those acting under them adjudicate Mr. Bagayoko's immigrant visa application within sixty days;

c. That the Court award Plaintiffs' reasonable attorneys' and court fees; and

d. That the court grant such other and further relief as the Court deems appropriate and just.

March 25, 2023

\_/s/ Cheryl David_____
Cheryl David
Law Office of Cheryl David
Attorneys for Plaintiff
299 Broadway, Suite 706
New York NY 10007
(212) 791-7608
cdavid@cheryldavidlaw.com